IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**IT AVIATION SOLUTIONS, LLC.**

   **Plaintiff,**

 **v.**

**KCI ENTERPRISES, INC. D/B/A KCI AVIATION,**

   **Defendant.**

**CIVIL ACTION NO. _____**

**JURY DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, IT Aviation Solutions, Inc. ("ITAS") seeks injunctive and monetary relief from Defendant, KCI Enterprises, Inc. d/b/a KCI Aviation ("KCI") for breach of contract, unjust enrichment, and quantum meruit, conversion and violation of the Texas Theft Liability Act.  KCI continues to use certain proprietary software developed and owned by ITAS without paying monthly license fees as contemplated by the License Agreement entered into by the Parties, and a subsequent Settlement Agreement entered into by the Parties.

### I. PARTIES

1. Plaintiff IP Aviation Solutions, LLC  is a limited liability company organized under the laws of the State of Texas with a principal place of business located at 11745 Sunset Ranch, Helotes, Texas 78023, and a mailing address of 16421 N. Birdie Rd., Nine Mile Falls, Washington 99026.  ITAS may be served through its registered agent, Jeffery Hutchins.

2.      Upon information and belief, KCI Enterprises, Inc. d/b/a KCI Aviation is a corporation organized and existing under the laws of the State of West Virginia with its principal place of business at 2100 Aviation Way, Bridgeport, West Virginia, 26330, and may be served through its President, Charles A. Koukoulis.

## II.  JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over ITAS's claims in that ITAS and KCI are citizens of different states, and the amount in controversy, exclusive of interests and costs, exceed the sum or value of seventy-five thousand dollars ($75,000.00).

4.      This Court has personal jurisdiction over KCI because KCI has established minimum contacts with this forum.  KCI regularly conducts business in this judicial district, by, among other things, licensing the software that is the subject of this Complaint, and utilizing the same from within this jurisdiction to offer its services.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the claims alleged herein, arose in this District, and because the underlying Settlement Agreement forming the subject matter of ITAS's claims provide for venue within this judicial district.

## III.  FACTS

6.      Since 1995, ITAS has been a software development, engineering and consultation firm which has developed certain software programs for use in the aviation industry, and in particular, various integrated platforms for management information systems in the aviation

industry. ITAS provides complete Information Technology solutions to the aviation industry, including requirements analysis, process engineering, infrastructure and product support.

7.      One such product developed by ITAS and licensed to the aviation industry is its Management Information System for Airlines, or MISA program.  MISA is a management information system software that integrates data from various aspects of a client's business into a single software program and provides integrated functions to share data that otherwise would require multiple software systems and multiple bridges between them to manage the data.

8.      For instance, MISA may integrate data necessary for flight operations, maintenance, employee training, payroll, human resources, accounting, purchasing/receiving, inventory management into a single system so that central management through a single software system is possible.

9.      In 1995, ITAS began licensing MISA to third parties in the aviation industry.

10.     ITAS's licensing efforts have proven to be extremely successful, as MISA became, and continues to be a highly sought product in the aviation industry.

11.     KCI is a Fixed Base Operations company that supports corporate aviation.  KCI is an aircraft maintenance and repair station located in Bridgeport, West Virginia.  According to KCI's website, www.kciaviation.com, KCI specializes in engine removal and installation, scheduled and unscheduled maintenance support, airframe inspections, structural modifications and repair, among other services.

12.     Prior to July 1, 2010, KCI contacted ITAS to inquire about acquiring a license for the MISA system.  The parties executed a Software License Agreement which was entered into on July 1, 2010 for the MISA system (the "License Agreement").

13.     The License Agreement granted KCI a nonexclusive license to use MISA for an initial period of five years.

14.     The License Agreement states that it can be terminated by one party after thirty days' written notice if the other party is in material breach and fails to remedy the breach within the thirty day period.

15.     In addition to the MISA (and association object code, user documentation and support materials, ITAS was to provide consulting and user training services, as well as software maintenance under the License Agreement.

16.     Pursuant to the terms of the License Agreement, KCI, in exchange for the rights licensed to it by ITAS, was obligate to pay (a) a twenty five thousand dollar initial payment ($25,000), (b) monthly payments of five thousand dollars ($5,000), and (c) for the first twelve, an additional payment of two thousand eighty four dollars ($2,084).

17.     The License Agreement provided that the monthly payments are due on the first of each month, and an interest rate of one and a half percent (1.5%) per month would be applied to any outstanding balance in excess of thirty days from the first of the month.

18.     The License Agreement provided that it could not be supplemented, modified or amended unless executed in writing by each party.

19.     The License Agreement provided that it shall be governed by the laws of the State of Texas.

20.     During the term of the License Agreement, while it was still obligated to do so, KCI ceased to make further monthly payments to ITAS under the License Agreement.  As of June 30, 2015, KCI owed ITAS four hundred twenty three thousand four hundred ninety dollars and ten cents ($423,490.10) in unpaid fees due under the License Agreement.

21.     Therefore, in or about June of 2015, ITAS sent formal notice that it was terminating the License Agreement for non-payment, and demanded payment.

22.     On July 29, 2015, ITAS sent a demand to KCI to delete the MISA system from all of its servers and computers, indicating that KCI no longer had the right to use MISA, and made an offer to KCI with regard to the amount past due.

23.     Subsequently, the parties engaged in negotiations to settle the past due amount, and those negotiations culminated in a Settlement Agreement (the "Settlement Agreement") signed by KCI's President, Charles A. Koukoulis on April 21, 2016, and ITAS's President, Jeffrey Hutchins on April 19, 2016.

24.     The Settlement Agreement settled the disagreement between the parties with respect to the $423,490.10 already owed under the License Agreement by obligating KCI to a monthly payment plan to take place over the course of three years.

25.     The Settlement Agreement did not settle or release any ongoing obligation of KCI under the License Agreement to continue to pay monthly royalties.

26.     The Settlement Agreement provided a forbearance period for the monthly period during which ITAS was prohibited from pursuing any rights or remedies it had under the License Agreement or applicable law.

27.     Pursuant to the terms of the Settlement Agreement, KCI waived and release any and all of its claims against ITAS related to the Software Agreement.

28.     Pursuant to the terms of the Settlement Agreement, ITAS would waive and release any and all of its claims against KCI related to the Software Agreement *upon payment of the Settlement Amount*, which was the amount KCI was obligated to pay under the Settlement Agreement.

29.     The Settlement Agreement provides, "[t]he [License] Agreement and all other agreements, documents and writings between or among any or all of the parties hereto, are expressly reaffirmed and incorporated herein by reference, and shall remain in full force and effect and continue to govern and control the relationship between the parties hereto except to the extent they are inconsistent with, amended or superseded by this Agreement."

30.     The Settlement Agreement also provides, "[t]his Agreement and the [License] Agreement are intended by the parties as the final expression of their agreement and therefore incorporate all negotiations of the parties hereto and are the entire agreement of the parties hereto. KCI acknowledges that they are relying on no written or oral agreement, representation, warranty, or understanding of any kind made by ITAS or any employee or agent of ITAS except for the agreements by ITAS set forth herein or in the [License] Agreement. Except as expressly set forth in this Agreement, the [License] Agreement remain unchanged and in full force and effect."

31.     The Settlement Agreement provides that it shall be governed by the laws of the State of Texas without regard to Texas' conflict of laws rules, and that venue for any proceedings lie exclusively with the Court or Agency in Bexar County, Texas.

32.     The final payment under the Settlement Agreement was made on or about May 1, 2019.  Shortly thereafter, ITAS learned that KCI was continuing to use the MISA program without authorization.  Specifically, KCI continued to use the MISA program since prior to entering into the Settlement Agreement without paying $5,000 per month as it is obligated to do under the License Agreement.

33.     On August 1, 2019, counsel for ITAS sent a letter to KCI demanding that (a) KCI stop its unauthorized use of MISA, and (b) KCI pay to ITAS three hundred seventy eight thousand nine hundred forty dollars and thirty five cents ($378,940.35) for its unauthorized from June of 2015 through August 31, 2019.

34.     KCI refused to pay for its unauthorized continued use of the MISA program.

**COUNT I**

**BREACH OF CONTRACT**

35.     ITAS realleges and incorporates herein the allegations of the preceding paragraphs hereinabove.

36.     The License Agreement was a valid, enforceable contract between ITAS and KCI. The Settlement Agreement reaffirmed and incorporated by reference the License Agreement, and was a valid and enforceable contract between ITAS and KCI.

37.     ITAS is the proper party to sue for breach of contract.

38.     ITAS performed its contractual obligations.

39.     KCI has MATERIALLY breached its obligation under the Settlement Agreement by (a) continuing to use MISA without authorization, and (b) refusing to pay the monthly payments owed to ITAS under the License Agreement and the Settlement Agreement.

40.     KCI' breach has caused injury to ITAS in an amount in excess of the jurisdictional amounts of this Court.

## COUNT II

## QUANTUM MERUIT

41.     ITAS realleges and incorporates herein the allegations of the preceding paragraphs hereinabove.

42.     ITAS provided valuable services and materials by providing KCI with the MISA program and the support and services under the License Agreement.

43.     KCI accepted the services and materials, and has done so since July of 2010.

44.     KCI had reasonable notice that ITAS expected to be compensated for use of the materials and services.

## COUNT III

## CONVERSION

45.     ITAS realleges and incorporates herein the allegations of the preceding paragraphs hereinabove.

46.     ITAS owned and had the right to possess the MISA program upon KCI's failure to make monthly payments under the License Agreement.

47.     The MISA program is personal property to ITAS.

48.     KCI wrongfully exercised dominion and control over the MISA program by continuing to use and possess it without paying for its use, which has harmed ITAS.

## COUNT IV

## TEXAS THEFT LIABILITY ACT

49.    ITAS realleges and incorporates herein the allegations of the preceding paragraphs hereinabove.

50.    ITAS owned and had the right to possess the MISA program upon KCI's failure to make monthly payments under the License Agreement.

51.    The MISA program is personal property to ITAS.

52.    KCI wrongfully exercised dominion and control over the MISA program by continuing to use and possess it without paying for its use, which has harmed ITAS.

## PRAYER FOR RELIEF

WHEREFORE, ITAS prays that ITAS have a judgment against KCI for:

1.    Actual damages suffered by ITAS as a result of the acts complained of herein above, including but not limited to, loss profits and/or unjust enrichment.

2.    Any profits or benefits that KCI received for the acts complained of herein above;

3.    Temporary preliminary and permanent injunctive relief against KCI, including their officers, agents, servants, employees, attorneys and those in active concert with them to:

    a.    return all property of ITAS including the MISA program, and all data, modules, or related programs related thereto belonging to ITAS, and any and all confidential or proprietary information, if any and not retain any copies thereof;

    b.    enjoin further use of MISA and all data, modules, or related programs related thereto belonging to ITAS;

    c.    enjoin KCI from engaging in further similar acts;

4.      Because of the willful and wanton nature of acts of KCI that damages be
increased to the maximum amount allowed by law;

5.      ITAS recover its attorneys' fees and costs;

6.      ITAS be awarded prejudgment and post-judgement interest against KCI; and

7.      Such other and further relief to which ITAS may be justly entitled.


                                        Respectfully submitted,
                                        GUNN, LEE & CAVE, P.C.
                                        Callaghan Tower
                                        8023 Vantage Drive, Suite 1500
                                        San Antonio, TX  78230
                                        (210) 886-9500 Phone
                                        (210) 886-9883 Fax

                                        /Robert L. McRae/
                                        Robert L. McRae, TSB # 24046410
                                        rmcrae@gunn-lee.com

                                        ATTORNEY FOR PLAINTIFF IT
                                        AVIATION SOLUTIONS, LLC